Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. WINGATE,<br><br>                             Plaintiff,<br>     v.<br><br>CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT AND CYNTHIA A. WHITLATCH, in her official and individual capacities,<br><br>                             Defendants. | No. 2:15-cv-00822-RAJ<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES** |

### I.  PARTIES

1.1     The plaintiff, William F. Wingate, at all times material hereto, resided in King County, Washington.

1.2     Defendant City of Seattle, Seattle Police Department is a municipal corporation.

Second Amended Complaint for Damages - 1

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

1.3     Defendant Cynthia A. Whitlatch was, at all relevant times, a City of Seattle, Seattle Police Department Officer.  Officer Whitlatch is named in this lawsuit in her individual and official capacities.

1.4     Defendant Cynthia A. Whitlatch, at all relevant times, resided in King County.

## II.  JURISDICTION AND VENUE

2.1     This Court has jurisdiction over the parties and the subject matter of this action by virtue of 42 U.S.C. § 1983, 42 U.S.C. § 1988, RCW 49.60.030, and RCW 2.08.010.  Venue is proper pursuant to RCW 4.12.025.

## III.     BACKGROUND FACTS

3.1     Plaintiff William F. Wingate is a 70 year old African American man who lives in the Northgate area of Seattle, Washington.  Mr. Wingate requires the support of a cane when walking; before being arrested in July 2014, he used a golf club as a cane.

3.2     Defendant Cynthia A. Whitlatch is a Caucasian female City of Seattle Police Officer.

3.3     In 2014, Officer Whitlatch used her personal Facebook social media page, available to the public, to make racially derogatory comments about African Americans, specifically African American men.

3.4     Upon information and belief, Officer Whitlatch refers to African American persons as "niggers."

3.5     On July 14, 2014, Officer Whitlatch was on duty as a City of Seattle Police Officer.  She was driving a Seattle Police Department patrol car.

Second Amended Complaint for Damages - 2

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

3.6     Officer Whitlatch was driving the patrol car eastbound on East Pike Street in the Capitol Hill area of Seattle when she spotted Mr. Wingate walking east on East Pike using a golf club as a cane.

3.7     After seeing Mr. Wingate walking peacefully along East Pike Street, Officer Whitlatch turned on the patrol car dashboard camera. She then turned left from East Pike onto northbound 11th Avenue East.

3.8     Officer Whitlatch drove the patrol car to the corner on which Mr. Wingate was standing – the northwest corner of 12th Avenue East and East Pike. Upon information and belief, Officer Whitlatch approached Mr. Wingate because he is an African American man.

3.9     Mr. Wingate was standing quietly on the northwest corner waiting for the traffic light to change intending to continue walking east on East Pike Street. He was leaning on the golf club with his right hand and he was carrying a small plastic bag in his left hand.

3.10    Officer Whitlatch parked the patrol car on 12th Avenue East facing south, directly in front of Mr. Wingate.

3.11    Officer Whitlatch opened her patrol car door, which opened out onto the street.

3.12    Officer Whitlatch began yelling at Mr. Wingate to drop his club.

3.13    Confused, Mr. Wingate responded that the golf club was his.

3.14    From the side of the patrol car, Officer Whitlatch yelled for him to drop the golf club, claiming that the club was a weapon. She falsely accused Mr. Wingate of swinging the "weapon" at her after he moved the golf club from one hand to the other.

Second Amended Complaint for Damages - 3

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

3.15    Officer Whitlatch also falsely accused Mr. Wingate of swinging the golf club at her while he was walking on East Pike Street and told him that the conduct was captured by the camera on her patrol car dashboard.

3.16    Officer Whitlatch told Mr. Wingate that if he did not drop the "weapon," she would call for "backup." Mr. Wingate responded that she should call for backup because he had done nothing wrong.

3.17    When Officer Chris Coles arrived at the scene on the northwest corner of 12th Avenue East and East Pike, Officer Whitlatch walked around the front of her patrol car in the direction of Mr. Wingate while replacing her baton in her service belt.

3.18    Mr. Wingate gave the golf club and his plastic bag to Officer Coles when he requested it.

3.19    Officer Coles then searched Mr. Wingate looking for weapons, none of which were found.

3.20    The officers handcuffed Mr. Wingate's hands behind his back. Officer Whitlatch announced to Mr. Wingate that she was placing him under arrest for harassment and for obstructing a police officer.

3.21    Officer Coles and Officer Benjamin Archer then marched the handcuffed Mr. Wingate on foot to the East Precinct with his hands cuffed behind his back and without the aid of either his golf club or a cane.

3.22    When Officer Coles and Officer Archer reached the East Precinct with Mr. Wingate, Officer Joe Lam conducted the arrest screening on Mr. Wingate.

Second Amended Complaint for Damages - 4

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

3.23    Mr. Wingate had walked several miles before being arrested. He repeatedly requested that he be given some water. The officers refused to give him water. He did not receive any water until approximately eight hours after he was arrested.

3.24    After Officer Lam processed Mr. Wingate's arrest, Officer Campbell escorted the still handcuffed Mr. Wingate to a transport van. The doorway to the van is approximately 20 inches from the ground.

3.25    Mr. Wingate stumbled as he attempted to climb into the van with his hands cuffed behind his back. Officer Campbell eventually kicked a small step stool from behind the van for Mr. Wingate to use as a step into the van.

3.26    Mr. Wingate sat alone and handcuffed in the van for approximately 20 minutes as Officer Campbell drove him to the King County Jail.

3.27    When Mr. Wingate arrived at the King County Jail, he again was processed. He then was placed in a cell.

3.28    Mr. Wingate spent most of the day and the entire night in a King County Jail cell.

3.29    Officer Whitlatch and Officer Coles made false statements in the police report filed about the incident involving Mr. Wingate.

3.30    After arresting Mr. Wingate, Officer Whitlatch contacted the City of Seattle Attorney's Office and claimed that Mr. Wingate was "one of the most obstinate, uncooperative, and obstructive suspects [she had] dealt with in [her] 17+ years in patrol," in an attempt to have Mr. Wingate charged with Obstructing a Police Officer.

Second Amended Complaint for Damages - 5

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

3.31    John Mason, the Assistant City Attorney handling the case, responded that the Obstruction charge was declined because Mr. Wingate was 69 years old and used the golf club as a cane.

3.32    To obtain his release, Mr. Wingate entered into a dispositional continuance on the charge of Unlawful Use of a Weapon to Intimidate for having a golf club in his hand. The continuance was dismissed several weeks later by the City Attorney's office.

3.33    Before July 9, 2014, Mr. Wingate had no criminal record, had never been arrested, had never been referred to as a defendant, and had never spent any time in jail.

3.34    Mr. Wingate is a military veteran.  He spent eight months in the Marine Corp Reserves before joining the Air Force.  He spent four years on active duty in the Air Force, and more than 15 years in the Air Force Reserves before retiring in 1997.

3.35    For approximately 35 years, Mr. Wingate was employed as a bus driver for King County.  During the years he drove a bus, Mr. Wingate developed a collegial relationship with City of Seattle police officers.

3.36    Mr. Wingate is an active member of his church.  On the day he was arrested in July 2014, Mr. Wingate was heading toward The Facts Newspaper office located in the Madrona area of Seattle.  On Wednesdays, Mr. Wingate walked to the Facts office to gather several newspapers to deliver to fellow church members now living in an assisted living facility.

3.37    Mr. Wingate's encounter with Officer Whitlatch and his subsequent arrest and incarceration have caused him severe emotional distress.  Since his arrest, Mr. Wingate has been

Second Amended Complaint for Damages - 6

Susan B. Mindenbergs
Attorney at Law
119 First Ave. So.-Ste. 200
Seattle, WA 98104-2564
Tel: (206) 447-1560
Fax: (206) 447-1523

treated for post-traumatic stress and depression. He is now fearful of police officers he does not know but whom he encounters in public or at community events.

3.38   The Fourth Amendment to the United States Constitution confers an individual's right to be free of unreasonable search and seizure without probable cause. Officer Whitlatch deprived Mr. Wingate of his Fourth Amendment rights because she had no reasonable suspicion to stop him and no probable cause to believe that he had committed a crime.

3.39   Officer Whitlatch's stop and arrest of Mr. Wingate constituted false arrest and false imprisonment in violation of the Fourth Amendment to the United States Constitution.

3.40   As a City of Seattle Police Officer, Officer Whitlatch was acting under color of law when she deprived Mr. Wingate of his rights under the Fourth Amendment to the United States Constitution.

3.41   The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution confers an individual's right to be free of race discrimination. Officer Whitlatch's racist conduct toward Mr. Wingate deprived him of his constitutional equal protection rights.

3.42   As a City of Seattle Police Officer, Officer Whitlatch was acting under color of law when she deprived Mr. Wingate of his rights under the Fourteenth Amendment to the United States Constitution that provides for equal rights of all persons.

3.43   Officer Whitlatch's conduct toward Mr. Wingate violated his federal statutory rights to be free of race discrimination.

3.44   Officer Whitlatch was acting in both her official and individual capacities when she unlawfully stopped and arrested Mr. Wingate on July 9, 2014.

Second Amended Complaint for Damages - 7

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

3.45    Officer Whitlatch has a general reputation as an officer who is discriminatory and retaliatory toward persons of color or persons who complain about her discriminatory conduct.

3.46    Officer Whitlatch's conduct toward Mr. Wingate was malicious and in reckless disregard of his civil rights and his constitutional protections.

3.47    Mr. Wingate has filed a Claim for Damages pursuant to RCW 4.96 *et seq*. More than 60 days has elapsed since he filed and served the claim.

## IV.  CAUSES OF ACTION

4.1    Plaintiff hereby realleges the substance of sections I, II, and III and by this reference incorporates them herein.

4.2    Defendants' conduct was the proximate cause of the injuries sustained by plaintiff.

4.3    The above stated facts give rise to a claim of race discrimination in violation of RCW 49.60 *et seq*.

4.4    The above stated facts give rise to a common law claim of false arrest and false imprisonment.

4.5    The above stated facts give rise to a common law claim of intentional infliction of emotional distress.

4.6    Defendant Whitlatch's conduct is an abridgement of plaintiff's equal protection rights under the Fourteenth Amendment to the Constitution of the United States and his federal

Second Amended Complaint for Damages - 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

statutory civil rights and was committed by Officer Whitlatch under color of law in violation of 42 U.S.C § 1983.

4.7    Defendant Whitlatch's conduct is an abridgement of plaintiff's Fourth Amendment Rights to the Constitution of the United States and was committed by Officer Whitlatch under color of law in violation of 42 U.S.C. § 1983.

## V.  RELIEF REQUESTED

5.1    The plaintiff hereby realleges the substance of sections I, II, III, and IV and by this reference incorporates them herein.

5.2    Because of the defendants' wrongful acts described above, the plaintiff has suffered substantial humiliation, mental and emotional distress, and other damages to be proved at trial.

WHEREFORE, Plaintiff respectfully requests this Court grant him relief, including:

a.   Emotional distress, pain and suffering, and any medical expenses flowing therefrom, and damages to be proved at trial;

b.   Special damages in an amount to be proved at trial;

c.   Punitive damages;

d.   The plaintiff's reasonable attorney fees pursuant to RCW 49.60.030(2) and 42 U.S.C. § 1988;

e.   Costs of suit as provided by RCW 49.60.030(2) and 42 U.S.C. § 1988;

f.   Prejudgment interest at the highest lawful rate;

g.   Tax consequences; and,

Second Amended Complaint for Damages - 9

Susan B. Mindenbergs
Attorney at Law
119 First Ave. So.-Ste. 200
Seattle, WA 98104-2564
Tel: (206) 447-1560
Fax: (206) 447-1523

h. Such other and further relief as the Court may deem just and equitable.

DATED this 4th DAY OF August, 2015.

*s/ Susan B. Mindenbergs*
Susan B. Mindenbergs
WSBA No. 20545
Attorney for Plaintiff William F. Wingate

LAW OFFICE OF VONDA M. SARGENT
*s/ Vonda M. Sargent*
Vonda M. Sargent
WSBA No. 24552
Attorney for Plaintiff William F. Wingate

Second Amended Complaint for Damages - 10

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVE. SO.-STE. 200
SEATTLE, WA 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523