HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. WINGATE,<br><br>               Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, SEATTLE POLICE DEPARTMENT AND CYNTHIA WHITLATCH, in her official and individual capacities,<br><br>               Defendants. | NO. 2:15-cv-00822-RAJ<br><br>DEFENDANT CYNTHIA WHITLATCH'S MOTIONS *IN LIMINE*<br><br>***UNREDACTED VERSION FILED UNDER SEAL***<br><br>*Note on Motion Calendar: August 5, 2016*<br><br>***ORAL ARGUMENT REQUESTED*** |

### I. INTRODUCTION

These motions are filed after a conference with all parties in accordance with LR 7(d)(4) and after proper exchanges of pretrial statements. Consistent with his broad scope of pretrial discovery, plaintiffs' pretrial statement reflects his intent to try a case that is far beyond the narrow causes of action set forth in his Complaint. These pretrial motions reflect Ms. Whitlatch's attempt to corral the subject areas that would properly be part of a federal civil rights lawsuit asserting Fourth and Fourteenth Amendment claims related to a stop and arrest. The case law surrounding these claims is set forth in defendants' pending motions for summary judgment. The categories of evidence and

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 1

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

witnesses that could conceivably be admissible to prove these claims, which arise from a simple encounter with just four witnesses, is substantially narrower than plaintiff contends. Without appropriate limitations, this straightforward case scheduled for six days could readily deteriorate into a multi-week trial filled with repetition and extraneous inadmissible information.

## II. MOTIONS *IN LIMINE*

Defendant CYNTHIA WHITLATCH submits the following contested and uncontested motions *in limine*.

### *Contested Motions*

**1. The Court Should Preclude the Following Inadmissible Testimony and Evidence Offered To Suggest that Ms. Whitlatch Has Racial Animus:**

   **a. Testimony of Corrine Purucker.**



---

[1] See http://www.seattle.gov/opa/closed-case-summaries.

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 2

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████. See *Benson v. City of San Jose*, 583 Fed. Appx. 604 (9th Cir. 2014) (Equal Protection plaintiff must produce some tangible evidence that tends to support conclusion that seizure was racially motivated, for instance, evidence of a pattern or practice of seizing African-Americans or that the officer made a racial remark ***during*** the encounter) (emphasis added); *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227 (9th Cir. 1994) (two racially-charged statements by City Council member while off-duty insufficient to raise claim that governmental action was on account of racial discrimination). ████████
████████████████████████████████████████
████████████████████████████████████████
████████████ The Court should preclude Ms. Purucker from testifying ████████
████████████████████████████████████████

b. **Evidence of Ms. Whitlatch's Facebook Post and Related Commentary.**

The Court should preclude any testimony or reference to Ms. Whitlatch's August 20, 2014 Facebook post in which she expressed her perception of "black racism" and her frustration with African-American suspects accusing her of contacting them because of their race (Exhibit 23). She also made statements during the course of an OPA investigation where she expressed her perception that African-Americans have accused her and others of taking action because of race, her speculation that there would have been no OPA investigation if she were black, and the

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 3

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

meaning behind her Facebook post. (Exhibit 67, pages 27-34 of 42 (first interview), WINGT006642-49; pages 20-21 of 34 (second interview), WINGT006742-43.) These statements are irrelevant, because they do not make it more probable that Ms. Whitlatch selectively stops and arrests African-American people; rather, they reflect her perception that African-Americans may make that accusation after a stop is made. These statements may be insensitive or poorly received, but their inflammatory nature far outweighs any probative value. The Court should exclude this evidence under Fed. R. Evid. 401 and 403.

### c. Testimony from Brian Davis.

Brian Davis also responded to Mr. Orteo's Facebook article and complained about Ms. Whitlatch's Facebook post. Any testimony he may give about these postings, what conclusions he drew from them, or his complaint to the Seattle Police Department is irrelevant, unfairly prejudicial, and inadmissible.

### d. Any Reference to Exhibit 10.

Exhibit 10 is a  Any reference ▮ should be excluded under Fed. R. Evid. 401 and 403.

### e. Any Reference to Exhibit 88.

DEFENDANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 4

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Exhibit 88 is ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ It should be excluded under Fed. R. Evid. 401 and 403.

  **f. Any Reference to the "Statistics" Identified in Exhibit 7.**

  Plaintiff intends to offer Exhibit 7, which purportedly contains arrest statistics associated with Ms. Whitlatch. Plaintiff has not authenticated or laid any foundation for these "statistics." He does not explain how they were compiled, for what time period, what they purport to demonstrate, or whether they are accurate. Indeed, Ms. Whitlatch's actual booking and arrest statistics, which conflict with this exhibit, have been designated as Exhibit 201. Additionally, Ms. Whitlatch did not patrol the entire City of Seattle, and there is no evidence whether the "statistics" from this exhibit are disproportionate to the community she served or to the statistics of other officers working within the same community. This highly inflammatory "evidence" is unreliable, without foundation, irrelevant, and inadmissible.

**2. The Court Should Exclude Evidence Regarding Any OPA Investigation or Ms. Whitlatch's Termination.**

  The chart attached hereto as Attachment A identifies the OPA investigations plaintiff intends to introduce at trial. Exhibits 12 (Ms. Whitlatch's termination letter), 26 (email Chief O'Toole sent to herself), 30 (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬) and 67 (the OPA investigation related to Mr. Wingate's arrest) are the only four OPA-related related Exhibits related to this case, and even they should be excluded at trial. First, any reference to this OPA investigation or

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 5

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Ms. Whitlatch's termination are irrelevant to plaintiff's claims. The purpose of the OPA investigation was to determine whether Ms. Whitlatch violated the Seattle Police Manual, not whether she violated Mr. Wingate's constitutional rights. Second, neither the OPA investigator nor Chief O'Toole had any personal knowledge of what happened between Ms. Whitlatch and Mr. Wingate. Speculation after the fact about Ms. Whitlatch's actions and motives are inadmissible. Third, any reference to post-incident counseling, investigations, or discipline is inadmissible as a subsequent remedial measure. Fed. R. Evid. 407. Finally, any suggestion to the jury that Ms. Whitlatch was investigated, disciplined, or terminated because of her actions on July 9, 2014 and/or because of the statements she made during the OPA process after that date have virtually no probative value and are extremely and unfairly prejudicial. It creates an almost insurmountable inference of liability, which would required a significant amount of rebuttal testimony to explain the OPA investigation process and the true reason for the City's decision to terminate Ms. Whitlatch. *See Maddox v. City of Los Angeles*, 792 P.2d 1408, 1417 (9th Cir. 1986) (affirming district court's preclusion of evidence of officer's disciplinary history under Fed. R. Evid. 403 and also finding such evidence to be an inadmissible remedial measure under Fed. R. Evid. 407). Permitting this evidence at trial invites reversible error.

The remaining OPA investigations identified by plaintiff are entirely irrelevant, either because they have nothing to do with impermissible stops, impermissible arrests, or racial bias. They are instead offered to suggest that Ms. Whitlatch has been accused of being discourteous to suspects in the past, which is inadmissible character evidence under both Fed. R. Evid. 404(a) and 404(b). The only possible exception is the Brian Davis complaint (Exhibit 66.) Even if Ms.

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 6

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Whitlatch's Facebook post itself is admissible, however, Brian Davis' complaint and the City's response to that complaint is irrelevant to plaintiff's claims. The Court should exclude all reference to any OPA investigations as irrelevant, as unfairly prejudicial, and because they pose the risk of confusing the jury and wasting time. Moreover, the exhibits themselves contain inadmissible hearsay.

This motion includes a request to preclude Sergeant Krista Bair from testifying at trial. She is an OPA investigator who questioned Ms. Whitlatch and others as part of the Wingate OPA complaint. She has no personal knowledge of the event at issue and any testimony she may offer is either irrelevant or based on hearsay. Additionally, plaintiff identified her to testify about a public disclosure response. Sergeant Bair is not a Seattle Police Department records custodian or public disclosure officer and she has no personal knowledge or foundation upon which to testify about such records. She should not be permitted to testify at this trial.

This motion also includes a request to preclude any evidence, argument or testimony concerning Ms. Whitlatch's current employment. The only relevant fact is that Ms. Whitlatch was working as a police officer for the City of Seattle on July 9, 2014. It is not relevant that Ms. Whitlatch was fired or that she is not currently working as a police officer. This irrelevant information is highly prejudicial and should not be part of this case.

**3.  The Court Should Preclude Testimony From Any Witness, Other Than Ms. Whitlatch, Regarding the Existence of Reasonable Suspicion or Probable Cause.**

Determinations of reasonable suspicion and probable cause are based only upon the facts known to the officer at the time of the stop or arrest. *Ornelas v. United States*, 517 U.S. 690,

DEFENDANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 7

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

701, 116 S. Ct. 1657 (1996). Additionally, lay witness opinions are admissible only to the extent they are "based upon ... direct perception of the event, are not speculative, and are helpful to the determination" of factual issues before the jury. *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007); Fed. R. Evid. 602; Fed. R. Evid. 701. In presenting lay opinions, the personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation. *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014).

In *Torres v. City of Los Angeles*, the Ninth Circuit held that a district court abused its discretion when it denied a motion in limine to preclude witnesses from testifying that there was in fact probable cause to arrest. 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (internal citations omitted); *see also Estes v. Moore*, 993 F.2d 161, 163-64 (8th Cir. 1998) (expert witness properly prohibited from testifying as to ultimate conclusion of law on probable cause). Ms. Whitlatch is the only witness with adequate personal knowledge to testify about what she did and why. *See Miller v. Schmitz*, No. 1:12-CV-0137 SAB, 2013 WL 5754945, at *1 (E.D. Cal. Oct. 23, 2013) (unpublished) (participant witness police officer may testify about his or her personal beliefs as to probable cause when relevant to motive or intent or his or her belief that there was a legitimate reason to stop or arrest); *Duran v. City of Porterville*, 1:13-CV-370-BAM, 2015 WL 5598933 (E.D. Cal. Sept. 22, 2015) (unpublished) (law witness may testify that, during the course of events that gave rise to the action, he or she personally believed probable cause existed to arrest plaintiff). The Court should preclude plaintiff from offering testimony from any witness other than Ms. Whitlatch regarding the existence of reasonable suspicion or probable cause.

**4.     The Court Should Preclude Testimony Regarding Mr. Wingate's Character.**

DEFENDANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 8

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

The Court should exclude all witness testimony regarding Mr. Wingate's nature, peaceful or otherwise, because is not admissible to prove that on this particular occasion he acted in accordance with that character or trait. Fed. Rule Evid. 404(a). For the same reason, the Court should preclude testimony that Mr. Wingate is an active member of his church or that he goes on daily walks to deliver newspapers to those in assisted living facilities. These facts have no relevance to Mr. Wingate's claims and are only intended to improperly demonstrate his character.

**5. The Court Should Preclude Testimony Regarding Mr. Wingate's Cane or Golf Club As An Assistive Device From Anyone Other Than Mr. Wingate.**

Testimony regarding Mr. Wingate's use of a cane or golf club as an assistive walking device or aid is irrelevant, in that it does not make it any more or less probable that Ms. Whitlatch unlawfully stopped or arrested Mr. Wingate. To the extent it has any probative value, it is not disputed by the parties and can be offered by Mr. Wingate without the need for an additional eight witnesses. Under Fed. R. Evid. 401 and 403, the Court should prohibit plaintiff from calling witnesses other than Mr. Wingate solely for the purpose of testifying that Mr. Wingate used or uses a cane or golf club to help him walk.

**6. The Court Should Preclude Testimony or Evidence Irrelevant to Plaintiff's Claims, Including the Following:**

   **a.    Any Mention of Damages Relating to Plaintiff's Criminal Prosecution.**

A malicious prosecution claim is the proper mechanism to seek damages related to a criminal charge and prosecution. *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S. Ct. 2364 (1994). By contrast, a false arrest/false imprisonment claim consists of detention without legal process,

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 9

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

and "a false imprisonment ends once the victim becomes held pursuant to such process." *Wallace v. Kato*, 549 U.S. 384, 389, 127 S. Ct. 1091 (2007). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." *Heck*, 512 U.S. at 484. Mr. Wingate did not allege a malicious prosecution claim. As such, any testimony or evidence concerning purported damages that arose from his criminal prosecution should be precluded from trial.

### b. Testimony From or About John Mason's Charging Decision or Opinions Related to the Legality of Mr. Wingate's Actions.

John Mason, the Assistant City Prosecutor who made the charging decision after Mr. Wingate's arrest, emailed Ms. Whitlatch and told her why he decided to charge him Mr. Wingate with Unlawful Use of a Weapon to Intimidate and not Obstructing (Exhibit 9). For the very same reasons identified above, this testimony is inadmissible. Additionally, he has no personal knowledge about the underlying event and his filing decision in this case is irrelevant and unfairly prejudicial to Ms. Whitlatch. His email is also inadmissible hearsay.

Plaintiff also indicated his intent to call Mr. Mason to testify that plaintiff had not legal obligation to drop his golf club in response to Ms. Whitlatch's command. A lay witness may not testify to a legal conclusion. *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001). Mr. Mason is not an expert witness, he has no personal knowledge of the event, and he should not be permitted to testify about the ultimate legal issue here.

### c. Evidence of Ms. Whitlatch's Speculation Related to the Criminal Dismissal.

During the course of the OPA investigation related to Mr. Wingate's arrest, Ms.

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 10

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Whitlatch speculated that the fact she is white and Mr. Wingate is black may have something to do with the City's response to Mr. Wingate's arrest and the decision to dismiss the criminal charges against him (Exhibit 67, p. 42 of 42, WINGT006657). This speculation is inadmissible, because it improperly suggest to the jury that Mr. Wingate was charged with a crime and that the City agreed to dismiss those charges. This speculation is also highly inflammatory, yet does not make it more or less likely that Ms. Whitlatch stopped and arrested Mr. Wingate because of his race. It should be excluded under Fed. R. Evid. 401 and 403.

### d. Testimony Related to Police Officers Requesting Charges for Criminal Defendants.

Plaintiff listed Barbara Serrano as an Assistant City Attorney with the Prosecuting Attorney's Office to testify about the procedures related to police officers requesting charges on defendants and the policy of Seattle Prosecutors officer related to the same. What these policies are and whether Ms. Whitlatch or Mr. Mason violated these policies is irrelevant and unfairly prejudicial. The Court should preclude any such testimony.

### e. Testimony, Evidence or Argument about the City's Actions After the July 9, 2014 Arrest.

Plaintiff's liability claims against Ms. Whitlatch require analysis of the facts and circumstances leading up to Mr. Wingate's stop and arrest on July 9, 2014. His damages claim, as explained above, requires analysis of what happened to him immediately after his arrest up until the point of his arraignment on July 10, 2014. Despite having no claim against the City of Seattle beyond one based on *respondeat superior* for Ms. Whitlatch's actions on July 9th, plaintiff would like to tell the jury a detailed story about who complained to the City after Mr.

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 11

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

Wingate's arrest, who from the City responded to those complaints, how the City responded to those complaints, what happened with Ms. Whitlatch's employment, and why. There is no relevance to any of these facts or allegations. The only purpose for eliciting them is to improperly suggest to the jury that the City must have believed that Ms. Whitlatch somehow violated Mr. Wingate's rights and therefore the jury should make the same determination.

First, not only is this evidence irrelevant, Mr. Wingate's characterization of what the City did after his arrest and why are not accurate. For example, in proposed Exhibit 50, in acknowledging the City's support for dismissing Mr. Wingate's criminal charges early, then Assistant Chief Nicholas Metz explicitly said, "It should be made clear that we do not believe that the arresting officer violated policy during the detention and/or arrest of Mr. Wingate."

Second, this type of evidence has absolutely no bearing on whether Ms. Whitlatch violated any of Mr. Wingate's constitutional rights while simultaneously presenting improper inferences from which the jury could conclude that the City believed she did. For example, the jury should not hear any evidence about when, how, or why the City decided to return Mr. Wignate's golf club to him months after his arrest. The jury should not hear any evidence about whether Dawn Mason complained to the City of Seattle about what she speculated was racial bais on the part of Ms. Whitlatch how the City did or did not adequately respond to that complaint. The jury should not hear evidence about when, how, or why the City decided to dismiss the charges filed against Mr. Wingate on an earlier schedule. These decisions may have been made for a variety of reasons and in response to a variety of concerns; they do not make it more likely that Ms. Whitlatch violated anyone's constitutional rights, and allowing this type of

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 12

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

evidence in a civil rights case will deter municipalities from taking any action in response to any citizen compliant or inquiry for fear it could be later presented to the jury as an admission of fault.

The Court should preclude plaintiff from presenting any testimony or evidence about the City's actions after July 9, 2014. This includes precluding any testimony from City Attorney Peter Holmes, Sergeant Christopher Hall, Chief Kathleen O'Toole, Deputy Chief Carmen Best, then Assistant Chief Metz, Lieutenant Pierre Davis, community member Dawn Mason, Chief Criminal Deputy Prosecutor Craig Sims, Councilman Bruce Harrell, Assistant City Attorney John Mason, attorney Karen Murray, Supervising Assistant City Prosecutor Kevin Kilpatrick and Public Disclosure Unit Manager for the Seattle Police Department Sheila Friend Gray. This also includes excluding Exhibits 18, 19, 20, 22, 25, 27, 28, 29, 31, 32, 33. 34, 40, 42, 43, 48, 49, 50, 51, 68, 83, and 84.

### f. Evidence or Testimony of Events Related to Mr. Wingate's Treatment at the East Precinct or in the King County Jail.

Mr. Wingate also alleges he was treated poorly after his arrest. For example, he claims someone refused to give him water, that he stumbled or was somehow injured trying to get into the transport van, and that he spent too long in jail. It is undisputed that Ms. Whitlatch had no involvement whatsoever in any of this treatment, that she did not proximately cause any such unfair treatment, and that Mr. Wingate has not alleged any claims against any other City of Seattle employee stemming from these allegations. This testimony should be excluded as irrelevant and unfairly prejudicial. While Mr. Wingate should be permitted to testify that he was

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 13

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

taken to the East Precinct, transported to the King County Jail, and booked into that facility pending his arraignment, he should not be permitted to testify about unfair treatment he believes he experienced at the hands of other unnamed officers.

7. **Hearsay Testimony from Mr. Wingate's Damages Witnesses.**

Mr. Wingate identifies at least 11 possible witnesses to testify about how this incident affected him. The Court should preclude any testimony about what Mr. Wingate told these people about the event or his symptoms. They should only be permitted to testify, if they are able, to their observations about how this incident affected Mr. Wingate. Additionally, defendants object to the cumulative nature of this testimony. Given that none of these witnesses have any personal knowledge of what happened, their cumulative testimony is especially prejudicial and overly emphasizes plaintiff's claimed damages. The Court should limit the extent of this testimony and the number of witnesses permitted to testify on this subject.

8. **Limitations on the Testimony of Dr. Walter Fong.**

Dr. Fong is Mr. Wingate's treating general physician and was not designated as an expert witness. The Court should limit his testimony to what Mr. Wingate told him during their treatment visits and what treatment he provided to Mr. Wingate. Fed. R. Evid. 701, 702 and 803(4)(A)-(B); Fed. R. Civ. 26(a)(2)(B).

9. **Joinder in the City's Motions in Limine**

Defendant Cynthia Whitlatch hereby joins in each of the City's motions in limine, as follows: (a) to remove the City of Seattle from the caption of the complaint; (b) to not charge the jury on respondeat superior; (c) to probit the plaintiff from offering evience or argumetn

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 14

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

concerning indemnification; (d) to prevent plaintiff from referenceing or seeking to introduce mdial accounts or evidence of allegatiosn of police misconduct unrelated to this case; and (e) to preclude from trial evidence of the Consent Decree, Seattle Police Department policies and procedures, and Seattle Police Department training.

*Uncontested Motions*

**10.  Any Reference to Expenses of Litigation.**

The Court should preclude the parties from making any reference to litigation expenses incurred by plaintiff or defendants, because it carries the potential for creating sympathy with the jury or may influence the jury to calculate an award on improper basis. Fed. R. Evid. 401 and 403.

**11.  Argument or Evidence Related to Insurance Coverage Available to Defendants.**

Pursuant to Fed. R. Evid. 411, this Court should preclude the parties from presenting any argument or evidence related to liability insurance coverage available to defendants.

**12.  Any Reference to Motions *in Limine*, the Court's Rulings on Such Motions or Any Other Motion Practice.**

The Courts should preclude any references to the parties' motions *in limine*, pretrial motions, or motions for summary judgment.

**13.  Any Argument that Jurors Should Place Themselves in Plaintiff's Position.**

The federal courts preclude any argument that the jury should place themselves "in the shoes of" Mr. Wingate. "An appeal to the jury to imagine itself in the plaintiff's position is impermissible because it encourages the jury to depart from its neutral role." *Joan W. v. City of Chicago*, 771 F.2d 1020 (7th Cir. 1985). The Court should exclude any such argument.

DEFENDANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 15

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**14. Evidence or Testimony Not Produced or Identified.**

The parties agree generally that the Court should exclude all witnesses and exhibits, other than rebuttal witnesses, the necessity of whose testimony could not reasonably have been anticipated before trial, and all exhibits, other than exhibits to be used for impeachment only, not previous disclosed. In conjunction with this motion, Ms. Whitlatch requests that the Court preclude Peter Holmes, Karen Murray, and Kevin Kilpatrick from testifying, in any capacity other than rebuttal witnesses, because plaintiff did not disclose them as possible witnesses before the close of discovery. Plaintiffs do not agree with the preclusion of Mr. Homes' testimony. They agree that they may only call Karen Murray and/or Devin Kilpatrick as rebuttal witnesses.

**15. Any Reference to a Witnesses' Probable Testimony If That Witness Will Not Be Called To Testify at Trial.**

The Court should direct the parties not to mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this case. This includes potential testimony of individuals improperly disclosed in discovery or any witness not disclosed pursuant to Fed. R. Civ. P. 26.

DATED this 18th day of July, 2016.

                CHRISTIE LAW GROUP, PLLC

                By /s/ Ann E. Trivett
                ANN E. TRIVETT, WSBA #39228
                Attorney for Defendant Cynthia Whitlatch
                2100 Westlake Avenue N., Suite 206
                Seattle, WA 98109
                Telephone: (206) 957-9669
                Facsimile: (206) 352-7875
                Email: ann@christielawgroup.com

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 16

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

# CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Susan B. Mindenbergs, WSBA #20545
Attorneys at Law
119 First Avenue South, Suite 200
Seattle, WA 98104-2564
Email: susanmm@msn.com
*Attorney for Plaintiff*

Vonda M. Sargent, WSBA #24552
Attorneys at Law
119 First Avenue South, Suite 500
Seattle, WA 98104-2564
Email: sisterlaw@me.com
*Attorney for Plaintiff*

Andrew T. Myerberg, WSBA #47746
Assistant City Attorney
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
Email: andrew.myerberg@seattle.gov
*Attorney for City of Seattle*

Ghazal Sharifi, WSBA #47750
Assistant City Attorney
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
Email: ghazal.sharifi@seattle.gov
*Attorney for City of Seattle*

/ / /

/ / /

/ / /

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 17

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

CHRISTIE LAW GROUP, PLLC


By  /s/ Ann E. Trivett
ANN E. TRIVETT, WSBA #39228
Attorney for Defendant Cynthia Whitlatch
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Telephone: (206) 957-9669
Fax: (206) 352-7875
Email: ann@christielawgroup.com

DEFENANT CYNTHIA WHITLATCH'S
MOTIONS *IN LIMINE*
(NO. 2:15-cv-00822-RAJ) - 18

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669