1

HONORABLE RICHARD A. JONES

ROBERT L. CHRISTIE, WSBA #10895
2   ANN E. TRIVETT, WSBA #39228
CHRISTIE LAW GROUP, PLLC
3   2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
4   Telephone: (206) 957-9669

5

6

7                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9

WILLIAM F. WINGATE,
10
                              Plaintiff,          NO. 2:15-cv-00822-RAJ
11
        v.                                        CYNTHIA WHITLATCH'S TRIAL BRIEF
12
CYNTHIA WHITLATCH,                                *TRIAL DATE:*
13                                                *OCTOBER 31, 2016*
                              Defendant.
14

15          Defendant CYNTHIA WHITLATCH hereby submits the following trial brief.  The caption

16   has been simplified to remove reference to the City of Seattle, who is no longer a defendant.

17   Further, the reference to Ms. Whitlatch being sued in her individual and official capacity has been

18   removed since it is superfluous and improper as part of a caption.

19                        **I.      INTRODUCTION**

20          This case arises from then-Seattle Police Officer Cynthia Whitlatch's July 9, 2014 stop and

21   arrest of plaintiff William Wingate.  This Court has ruled that Ms. Whitlatch had reasonable

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 1

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1   suspicion to stop Mr. Wingate and probable cause to arrest him, thus dismissing his 42 U.S.C. §

2   1983 claim based on the Fourth Amendment.  The Court let stand for trial Mr. Wingate's claim

3   that Ms. Whitlatch only took these actions because he is African-American.  Ms. Whitlatch denies

4   this claim, and denies that Mr. Wingate's race was a factor in her decision making.  The evidence

5   will show she stopped Mr. Wingate because she saw him swing his golf club at her while she was

6   turning left in her patrol car.  This conduct, the precise basis for this Court determining that Ms.

7   Whitlatch had reasonable suspicion to stop Mr. Wingate, presented a potential threat to the public.

8   She arrested him because, after she stopped to investigate his conduct, he refused to cooperate with

9   her.

10          The law applicable to plaintiff's remaining claims has been well set forth in Ms.

11  Whitlatch's summary judgment motion and pending motion for reconsideration.  This brief seeks

12  to supplement those authorities as necessary to support the instructions she submits for the Court's

13  consideration in the upcoming trial, now set for October 31, 2016.

## II.   EVIDENCE AT TRIAL

15          On July 9, 2014, Ms. Whitlatch was working as an Acting Sergeant for the Seattle Police

16  Department and patrolling the Capitol Hill neighborhood in a fully marked patrol car.  She was

17  driving east down E. Pike Street and preparing to turn left onto 11th Avenue.  Before doing so, she

18  looked to her left to determine whether there were any pedestrians intending to cross the street.

19  She noticed Mr. Wingate, an elderly gentleman walking with a golf club as a cane.  Ms. Whitlatch

20  determined she had enough room to turn left, and she began making her turn onto 11th Avenue.

21  As she turned, she saw a blur of vision on her left side.  She then immediately heard a clang, which

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 2

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1    she believed to be Mr. Wingate's golf club hitting the post of a nearby stop sign.  She looked into

2    her mirror as she continued driving and saw Mr. Wingate swing his golf club back across his body

3    and then back down to the ground.  He was looking directly at her with a scowl on his face.  He

4    had only been about five feet away when he swung his golf club.  Ms. Whitlatch had her driver's

5    side window rolled down and believed Mr. Wingate had just intentionally swing his golf club in

6    her direction.

7        Ms. Whitlatch immediately turned on her in-car video system, which has a built-in sixty-

8    second buffer, meaning that the system will maintain a recording of the sixty seconds immediately

9    prior to activation.  Ms. Whitlatch hoped the rear-facing camera would capture Mr. Wingate's

10   action of swinging the golf club at her, but it did not capture any images because the sun was too

11   bright in the window that day.

12       The evidence will show Officer Whitlatch reasonably believed that Mr. Wingate had

13   threatened her safety and that he might still be a safety threat to other citizens.  She decided to

14   drive around the block and stop Mr. Wingate if he was still there and investigate further.  As

15   explained below, the Court has already found that Ms. Whitlatch had a reasonable suspicion for

16   stopping Mr. Wingate as a matter of law, given her perceptions of what just happened.

17       Ms. Whitlatch stopped Mr. Wingate before he crossed 12th Avenue, and their interaction

18   at this point is captured in Ms. Whitlatch's in-car video.  In the video, the jury will see that Ms.

19   Whitlatch repeatedly directed Mr. Wingate to "please" drop his golf club, that he intentionally

20   refused to follow that directive, and that he later handed the golf club over to Seattle Police Officer

21   Chris Coles once he arrived as a backup officer.  Ms. Whitlatch arrested Mr. Wingate for

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 3

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1    harassment and obstruction.  She turned Mr. Wingate over to Officer Coles and Officer Archer,

2    who took him to the East Precinct for booking.  Ms. Whitlatch had no further contact with Mr.

3    Wingate.

4                    III.    **PROCEDURAL POSTURE OF THE CASE**

5         Mr. Wingate originally asserted 42 U.S.C. § 1983 Fourth Amendment unlawful stop and

6    unlawful arrest claims against Ms. Whitlatch, as well as state law false arrest and false

7    imprisonment claims.  On July 26, 2016, the Court dismissed those claims with prejudice.  (Order,

8    dkt. #127.)  The Court held that, because Mr. Wingate entered into a dispositional continuance as

9    part of a deal with the criminal prosecutor, he was bound by the facts in the underlying police

10   reports.  (*Id*., p. 6-7.)  The Court went on to find that, based upon the facts in those police reports,

11   "Ms. Whitlatch had a reasonable suspicion that Mr. Wingate was swinging his golf club in a way

12   that might endanger the public" and that "Ms. Whitlatch had probable cause to arrest Mr. Wingate

13   for harassment and obstructing a police officer."  (*Id*., p. 8.)  The Court also dismissed Mr.

14   Wingate's claims asserted against the City of Seattle under a theory of respondeat superior.  (Order,

15   dkt. #127; Order, dkt. #130).  Mr. Wingate has three remaining claims against Ms. Whitlatch: (1)

16   a 42 U.S.C. § 1983 Fourteenth Amendment Equal Protection claim; (2) a Washington Law Against

17   Discrimination claim; and (3) an outrage claim.

18        Ms. Whitlatch filed a timely Motion for Reconsideration, seeking a dismissal of these three

19   remaining claims (ECF 137).  This Court ordered plaintiff to file a response to that motion, due on

20   August 12, 2016.  In the meantime, the Court has moved the trial date from August 15, 2016 to

21   October 31, 2016 and directed the parties to file their trial briefs as originally scheduled.  The

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 4

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1  parties have also already filed motions *in limine*, which are currently pending (dkt. #s 122, 123,

2  and 125).   The parties' motions *in limine* and the motion for reconsideration help to frame the

3  fundamental disagreement between the parties about the type and scope of evidence and testimony

4  that should be permitted at trial.

## IV.   APPLICABLE LAW & INSTRUCTIONS

**A.   This Court should instruct the jury on its determination that Ms. Whitlatch had reasonable suspicion to stop Mr. Wingate and probable cause to arrest him.**

To properly frame the dispute for the jury, Ms. Whitlatch requests that the Court give the

following neutral statement of the issues resolved on summary judgment, both at the outset of the

trial and again at the conclusion of trial.   As explained above, this Court has already made a finding

that Ms. Whitlatch had reasonable suspicion to stop and probable cause to arrest Mr. Wingate, thus

negating any possible Fourth Amendment claim.   Ms. Whitlatch is concerned that, without an

instruction to the jury about this determination, they may be confused about the scope of Mr.

Wingate's legal claims and improperly base any decision on an incorrect belief that Ms.

Whitlatch's actions were not lawful, absent racial bias.   In the absence of any instruction to the

contrary, the jury might reasonably be considering whether they believe Ms. Whitlatch had, absent

any racial bias, a lawful basis to stop and later arrest Mr. Wingate.   Ms. Whitlatch proposes the

following language (as part of proposed alternate Instruction No. 12), based upon the language in

the Court's order, which should be provided to the jury before the presentation of evidence so as

to avoid any confusion of the issues to be decided:

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 5

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1
2
3
4
5
6
7
8
9

> This Court has determined that, from the perspective of a reasonable officer, Ms. Whitlatch had a lawful reason to stop Mr. Wingate, because he was swinging his golf club in a way that might endanger the public. This Court has also determined that Ms. Whitlatch had a lawful basis to arrest Mr. Wingate for harassment and obstructing a police officer, based upon his actions and his refusal to drop his golf club. The issue for you to decide is whether, independent of these determinations, Ms. Whitlatch's decision to stop or arrest Mr. Wingate was motivated by race.

10   (Order, dkt. #127, pp. 6-8.)

11   By giving this instruction, the Court will greatly assist the jury in understanding that the

12   central factual and legal dispute in the case does not relate to whether Ms. Whitlatch acted within

13   her lawful authority to detain Mr. Wingate for questioning and to place him under arrest. Rather,

14   the sole issue factual issue for them to decide is whether she took these actions because of Mr.

15   Wingate's race.

16   **B.      Plaintiff's § 1983 Fourteenth Amendment Equal Protection Claim**

17   The Ninth Circuit does not offer a model civil jury instruction for 42 U.S.C. § 1983

18   Fourteenth Amendment Equal Protection claim. Ms. Whitlatch proposes use of the following

19   instruction:

20   > In order to prove that Ms. Whitlatch violated Mr. Wingate's

21   > Fourteenth Amendment Equal Protection rights, Mr. Wingate must

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 6

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1    prove by a preponderance of the evidence that Ms. Whitlatch acted

2    with an intent or purpose to discriminate against him based on his

3    race.

4         Mr. Wingate cannot meet this burden simply by proving that

5    he is African-American, that Ms. Whitlatch is white, and that it was

6    unreasonable for Ms. Whitlatch to stop or arrest him.  Instead, he

7    must prove with some tangible evidence that his treatment was

8    racially motivated, for instance, evidence of a pattern or practice of

9    seizing African-Americans or that Ms. Whitlatch made a racial

10   remark during the encounter.

11   *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001); *Serrano v. Francis*, 345 F.3d 1071, 1082

12   (9th Cir. 2003); *Harrington v. Scribner*, 785 F.3d 1299, 1305 (9th Cir. 2015); *Bingham v. City of*

13   *Manhattan*, 341 F.3d 939 (9th Cir. 2003), *overruled on other grounds*, 599 F.3d 946, 956 n.14 (9th

14   Cir. 2010); *Benson v. City of San Jose*, 583 Fed.Appx. 604 (9th Cir. 2014).

15        The Court should provide this instruction, because it better reflects the case law and

16   plaintiff's burden of proof than does plaintiff's proposed instruction.

17   **C.     Plaintiff's WLAD Claim**

18        There is also no model instruction for a violation of RCW 49.60.215(1).  Ms. Whitlatch

19   proposes use of the following instruction:

20

21

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 7

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

To establish his Washington Law Against Discrimination claim, Mr. Wingate must prove the following by a preponderance of the evidence:

> (1)    That he is a member of a protected class;
>
> (2)    That he was in a place of public accommodation or assemblage;
>
> (3)    That Ms. Whitlatch discriminated against him by not treating him in a manner comparable to the treatment she provides to persons outside his protected class; and
>
> (4)    That his protected status was a substantial factor causing the discrimination.

An African-American person is a member of a protected class. *Demlash v. Ross Stores, Inc.*, 105 Wn. App. 508, 456, 20 P.3d 447 (2001), *review denied*, 145 Wn.2d 1004 (2001); *Fell v. Spokane Transit Authority*, 128 Wn.2d 618, 637-40, 911 P.2d 1319 (1996).

**D.    Plaintiff's Outrage Claim**

If the Court allows Mr. Wingate's Fourteenth Amendment Equal Protection claim and/or WLAD claim go to the jury, it should not instruct the jury on Mr. Wingate's outrage claim. "The tort of outrage is a vehicle for recovery only 'in the absence of other tort remedies.'" *Jones v. City of Steilacoom*, 45 Fed. Appx. 751 (9th Cir. 2002) (*citing Brower v. Ackerley*, 88 Wn. App. 87, 943 P.2d 1141 (1997). In *Jones*, the district court properly dismissed the plaintiff's outrage claim,

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 8

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1   because it arose directly from the same conduct upon which his malicious prosecution claim was

2   based.  Jones, 45 Fed. Appx. 751.  *See also Rice v. Janovich*, 109 Wn.2d 48, 62, 742 P.2d 1230

3   (1987) (claims for assault have long been held to encompass claims for outrage, because damages for

4   emotional distress may be awarded as part of assault damages); *Francom v. Costco Wholesale Corp.*,

5   98 Wn. App. 845, 864, 991 P.2d 1182, 1192 (2000), *as amended on reconsideration* (Feb. 29,

6   2000) (superior court properly dismiss outrage claim, because it was based upon the same facts as

7   plaintiff's WLAD claim and a plaintiff cannot be compensated twice for the same emotional

8   injury).  If the Court does allow Mr. Wingate's claim to go to the jury, it should follow

9   Washington's pattern instructions.

## V. <u>CONCLUSION</u>

11   This Court has already determined that, when Mr. Wingate swung his golf club at Ms.

12   Whitlatch at the corner of 11th Avenue and E. Pike Street, Ms. Whitlatch had reasonable suspicion

13   to stop Mr. Wingate to investigate that possible public safety threat.  The evidence will also show

14   that, regardless of whether Ms. Whitlatch could have handled this situation better, she had

15   absolutely no discriminatory motive or intent.  She did not treat Mr. Wingate differently because

16   of his race.  If this Court allows Mr. Wingate to pursue his claims at trial, Ms. Whitlatch anticipates

17   moving for a directed verdict at the close of his case based upon the lack of evidence to support

18   his claims.  If her motion is not successful, Ms. Whitlatch will request the jury to return a verdict

19   on her behalf.

20   / / /

21   / / /

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 9

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1    DATED this 8th day of August, 2016.

2                                        CHRISTIE LAW GROUP, PLLC

3                                        By      /s/ Ann E. Trivett
                                              ANN E. TRIVETT, WSBA #39228
4                                           Attorney for Defendant Cynthia Whitlatch
                                            2100 Westlake Avenue N., Suite 206
5                                           Seattle, WA  98109
                                            Telephone: (206) 957-9669
6                                           Fax:  (206) 352-7875
                                            Email:  ann@christielawgroup.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

CYNTHIA WHITLATCH'S TRIAL BRIEF
(2:15-cv-00822-RAJ) - 10                          **CHRISTIE LAW GROUP, PLLC**
                                              2100 WESTLAKE AVENUE N., SUITE 206
                                                    SEATTLE, WA 98109
                                                      206-957-9669