THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. WINGATE,<br><br>               Plaintiff,<br><br>  v.<br><br>CYNTHIA A. WHITLATCH,<br><br>               Defendants | No. 2:15-cv-00822-RAJ<br><br>ORDER |

This matter comes before the Court on the parties' motions *in limine*. Dkt. ## 122, 124, 126. Mr. Wingate and Ms. Whitlatch filed responses. Dkt. ## 132, 134. The court **GRANTS in part and DENIES in part** the parties' motions *in limine*, and states its ruling on each of the subparts of the parties' motions below.

**I. BACKGROUND**

This is a civil rights action in which Plaintiff William Wingate alleges that then-Seattle police officer Cynthia Whitlatch unlawfully arrested him. Dkt. # 14 (Second Amended Complaint). Mr. Wingate sued Ms. Whitlatch, as well as the City of Seattle and Seattle Police Department ("City Defendants"). Pursuant to the Court's Order on the Defendants' motions for summary judgment, the City Defendants were dismissed from the matter. Dkt. # 127.

Order - 1

The remaining parties are scheduled to try this case on October 31, 2016. Mr. Wingate's remaining claims are: (1) violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983, (2) violation of Washington's Law Against Discrimination, and (3) his state claim for intentional infliction of emotional distress.

**II. LEGAL STANDARD**

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). To decide on the motions *in limine*, the Court is generally guided by Federal Rules of Civil Procedure 401 and 403. Specifically, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Civ. P. 401. However, the Court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

**III.   MUTUALLY AGREED MOTIONS IN LIMINE**

The parties agree to refrain from offering evidence or argument related to tax implications of the jury award. Dkt. # 132, at p. 3.

The parties agree to refrain from offering evidence or argument regarding the fee agreement particulars with regard to their attorneys. Dkt. # 132, at p. 3. Similarly, the parties agree to refrain from making any references to litigation expenses incurred by the parties. Dkt. # 124, at p. 15; Dkt. # 134, at p. 15. The parties will also refrain from admitting evidence or argument related to insurance coverage available to Ms. Whitlatch. Dkt. # 124, at p. 15.

The parties agree to refrain from offering witnesses and exhibits that were not

Order - 2

previously disclosed.[1]  Dkt. # 132, at p. 3-4.

The parties agree that all counsel must refrain from testifying or arguing to the jury, except as appropriate during closing arguments.  Dkt. # 132, at p. 4.  The parties also agree to preclude argument that the jury should place themselves "in the shoes" of Mr. Wingate.  Dkt. # 132, at p. 9.

The parties agree to refrain from requesting additional documents from witnesses or requiring witnesses to undergo medical examinations.  Dkt. # 132, at p. 8.

The parties agree to refrain from commenting on any matter that the Court has excluded in this motion.  Dkt. # 132, at p. 8.  Furthermore, the parties agree to refrain from commenting on or referencing this order, the pretrial motions, and the motions for summary judgment.  Dkt. # 124, at p. 15.

The parties agree that witnesses, other than Mr. Wingate or Ms. Whitlatch, will be excluded from the courtroom until it is their turn to testify.  Dkt. # 132, at p. 8.

The parties agree to refrain from suggesting or arguing that any jury award to Mr. Wingate comes at the expense of Seattle taxpayers.  Dkt. # 132, at p. 10.

The parties agree that all witnesses will appear in civilian clothing unless a witness is a law enforcement officer who is on duty.  Dkt. # 132, at 15.  The Court places the burden on the parties to so instruct every witness and ensure that witnesses are compliant with this order.

The parties agree to refrain from introducing testimony about Mr. Wingate's character.  Dkt. # 134, at p. 8.

The parties agree to refrain from making any reference to a witness's probable testimony if that witness is absent, unavailable, or not called to testify.  Dkt. # 124, at p. 16.

---

[1] The Court notes that Plaintiff's Motion *in Limine* No. 4, Dkt. # 126, is incomplete.  The motion states the law but the language abruptly ends before administering any argument.  Based on Defendant's response, the Court believes that the parties agree to refrain from offering any witnesses or exhibits that were not properly disclosed.

Order - 3

## IV. PLAINTIFF'S MOTIONS IN LIMINE

A. <u>Mr. Wingate wishes to preclude Officers Coles and Archer from testifying whether Ms. Whitlatch had reasonable suspicion or probable cause to arrest Mr. Wingate.</u>

Mr. Wingate argues that Officers Coles and Archer are not expert witnesses and therefore may only opine on what they personally witnessed on July 9, 2014. Dkt. # 126, at p. 1-2. Mr. Wingate further argues that Ms. Whitlatch is responsible for knowing the meaning of "'reasonable suspicion,' upon which police officers are regularly trained." Dkt. # 126, p. 2. Ms. Whitlatch agrees that if the Officers testify, they may only do so with regard to their personal observations. Dkt. # 132, p. 1-3. Ms. Whitlatch did not designate the officers as expert witnesses.

The Court **DENIES** Mr. Wingate's motion and allows Ms. Whitlatch to call the officers as witnesses. The officers are restrained, however, and may only testify as to their personal observations on July 9, 2014. Specifically, the officers may testify to "what they saw, what they heard, what they did, and why they did it." Dkt. # 132, at p. 2. The officers are not precluded from using the terms "reasonable suspicion" or "probable cause" because Mr. Wingate concedes that police officers are trained in the meaning of these terms. However, based on the Court's ruling below, the officers shall not testify or opine as to the existence, or not, of reasonable suspicion to stop Mr. Wingate or probable cause to arrest him.

B. <u>Mr. Wingate wishes to preclude testimony regarding the time or circumstances under which he employed his attorney.</u>

Ms. Whitlatch argues that the time and circumstances under which Mr. Wingate retained counsel may be appropriate areas for testimony. Dkt. # 132, at p. 3. Ms. Whitlatch offers no authority to give credence to these claims. The Court finds no reason why Mr. Wingate should testify about the details of retaining his attorney, and therefore **GRANTS** Mr. Wingate's motion. The Court notes, however, that Ms. Whitlatch's objection to this motion went beyond the narrow scope that Mr. Wingate

Order - 4

described. Ms. Whitlatch appears to wish to admit evidence with regard to the timeline of when Mr. Wingate filed his Complaint. Dkt. # 132, at p. 3. This may be judicially noticeable pursuant to Federal Rule of Evidence 201. It is Ms. Whitlatch's responsibility to ask permission of the Court and provide accurate authority if she wishes to admit such evidence.

    C. <u>Mr. Wingate wishes to preclude Dr. Vandenbelt from opining on whether Mr. Wingate had mental issues prior to the arrest.</u>

The Court agrees that Ms. Whitlatch's expert may not offer irrelevant testimony, especially if that testimony is meant to unfairly prejudice Mr. Wingate. However, Dr. Vandenbelt may testify in his expert opinion about medical conditions that are relevant to the arrest and its aftermath, as long as his testimony is within his wheelhouse and rises to a reasonable degree of medical certainty. *See Brannan v. Northwest Permanente, P.C.*, No. C05-5157FDB, 2006 U.S. Dist. LEXIS 68886, *4 (W.D. Wash. Sept. 25, 2006) ("Expert testimony may not be based on speculation or conjecture; an expert must testify to his or her conclusion to a 'reasonable degree of medical certainty.'"), *citing McLaughlin v. Cooke*, 112 Wn.2d 829, 836 (1989). For example, Mr. Vandenbelt may testify as to what he relied on to build his foundational knowledge of Mr. Wingate's psychiatric issues in this case or his opinion as to the extent of psychiatric issues that may have developed due to Mr. Wingate's July 9, 2014 arrest. *See*, *e.g.*, Dkt. # 125-1, Exhibit B (Mr. Vandenbelt's report). Ms. Whitlatch should narrow her expert's testimony during the direct examination to only that which is relevant, and therefore Mr. Vandenbelt may not testify, for example, as to speculation or non-psychiatric medical issues. Mr. Wingate is free to object to Ms. Whitlatch's line of questioning, or anything else, during trial, and the Court will rule on those objections as they arise. Accordingly, the Court **GRANTS this motion in part and DENIES this motion in part**.

//

Order - 5

D. <u>Mr. Wingate wishes to preclude Ms. Whitlatch from requiring witnesses to re-enact scenes or perform physical demonstrations.</u>

Ms. Whitlatch asks the Court to reserve ruling on this portion of Mr. Wingate's motion. Dkt. # 132, at p. 8. The Court will abide. Should the parties wish to extract performances from the witnesses, the parties must ask the Court for permission outside the presence of the jury. However, the Court will preemptively prohibit any demonstrations that require the use of an instrument, such as a golf club. The Court notes that the parties agree to the other portions of this motion and therefore the Court **GRANTS in part and DENIES in part** this motion.

E. <u>Mr. Wingate wishes to preclude Ms. Whitlatch from calling any witness an "expert."</u>

Mr. Wingate cites Federal Rule of Evidence 702's Amendments to show that some jurists harbor disdain for using the term "expert" around a jury. Dkt. # 126, at p. 6; Fed. R. Evid. 702, Advisory Committee Notes, 2000 Amendments. Here, there is only one designated medical expert witness and Ms. Whitlatch will likely call him to testify about, among other topics, whether he agrees with Mr. Wingate's medical witness. The Court agrees that in this case the parties shall not distinguish witnesses as experts or non-experts. Accordingly, the Court **GRANTS** this motion.

F. <u>Mr. Wingate wishes to argue the conscience of the community.</u>

Ms. Whitlatch correctly points out that the parties agree that it is improper to ask a jury to place themselves in the shoes of a plaintiff. Dkt. # 132, at p. 9. The Court finds that in this motion, Mr. Wingate is toeing that line. The Court **DENIES** this motion, but allows Mr. Wingate to renew the motion during trial if he is able to make a statement that is not akin to asking the jury to put themselves in the shoes of Mr. Wingate.

G. <u>Mr. Wingate wishes to preclude any statements he allegedly made to Officer Coles.</u>

Mr. Wingate appears to have confused his Fifth Amendment rights during a

Order - 6

criminal proceeding with the Federal Rules of Evidence in a civil action. Mr. Wingate's constitutional rights were protected in the underlying prosecution. To be sure, Mr. Wingate failed to raise an allegation that his Fifth Amendment rights were violated prior to his voluntary acceptance of the dispositional continuance. Mr. Wingate's statements to the officers on July 9, 2014 are admissible in this civil action pursuant to Federal Rule of Evidence 801(d)(2). *See Kyles v. Baker*, No. 13-cv-04695-WHO, 72 F. Supp. 3d 1021, 1033 n. 3 (N.D. Cal. 2014) ("The *Miranda* objection fails for any number of reasons, including that this is a civil case, not a criminal prosecution."). Accordingly, this motion is **DENIED**.

H. <u>Mr. Wingate wishes to preclude argument or suggestion that he was represented at his criminal arraignment.</u>

Mr. Wingate offers no authority to show that his Rule 9 intern was "not the legal representation contemplated by the 6th Amendment." Dkt. # 126, p. 7. The Washington Supreme Court has placed its imprimatur on the use of Rule 9 interns in criminal settings. *See Seattle v. Ratliff*, 667 P.2d 630, 633 (Wash. 1983) ("When rule 9 is complied with, the criminal defendant will obtain legal assistance sufficient to meet both federal and state constitutions."). Moreover, Mr. Wingate never raised an allegation that he had ineffective assistance of counsel or that his Rule 9 intern was noncompliant with the Washington State Bar rules. If Mr. Wingate wishes to detail the facts of his encounter and the process he went through post-arrest, then the fact that he had representation is relevant and will not be excluded. Accordingly, this motion is **DENIED**.

I. <u>Mr. Wingate wishes to preclude any evidence that he agreed to a finding of probable cause.</u>

The parties appear to agree to exclude any evidence related to the finding, or not, of the reasonable suspicion or probable cause that Ms. Whitlatch had to stop and arrest Mr. Wingate. Dkt. ## 126, 132, 134. With that said, at trial, Mr. Wingate may not contradict his earlier statements. This motion is **GRANTED in part and**

Order - 7

**DENIED in part**; the parties will refrain from introducing evidence regarding reasonable suspicion or probable cause, but Mr. Wingate may not contradict his earlier statements. A jury instruction may help in this instance. The Court places the onus on the parties to submit a stipulated instruction that the Court may read to the jury during trial or that may be added to the instructions that will be disbursed after the parties have rested.

 J. <u>Mr. Wingate wishes to be excused from showing that similarly situated members of an unprotected class were treated differently from him with regard to his arrest.</u>

Mr. Wingate raises a discovery dispute in his motion *in limine* that he should have brought in a prior motion to compel discovery responses. Dkt. # 126, at p. 8. Moreover, it seems that Mr. Wingate had several months to contemplate any discovery deficiencies. It also appears that at least some relevant records were produced, as evidenced by Ms. Whitlatch's response. Dkt. # 132, p. 15. The Court **DENIES** this motion to the extent that Mr. Wingate is requesting that the Court excuse him from meeting his burden to prove his case in light of his failure to address discovery disputes.

**V. DEFENDANT'S MOTIONS IN LIMINE**

 A. <u>Ms. Whitlatch wishes to preclude testimony by Corrine Purucker.</u>

Ms. Purucker's testimony is relevant as to any alleged racial bias under which Ms. Whitlatch operates.[2] However, the Court is sensitive to the issues that may arise when calling a defendant's ex-partner. Accordingly, the Court will allow Ms.

---

[2] The Court notes that Mr. Wingate's motion cites to this Court for the following statement: "Indirect or circumstantial evidence of Cynthia Whitlatch's racial animus towards African Americans is abundant in this record." The motion attributes this to page twelve of the Court's order from July 26, 2016. Dkt. # 126. The Court reviewed this page and did not find this quoted language. Instead, the Court found in its order the following, "There is an abundance of evidence that could convince a reasonable jury that Ms. Whitlatch decided to approach and arrest Mr. Wingate, and treat him in an overly hostile manner, based on his race." These statements are different; the Court has a low tolerance for parties' deliberate misrepresentations of the Court's orders. Counsel should be careful in its future pleadings to make accurate representations of the record.

Purucker to testify but instructs Mr. Wingate's counsel to utilize leading questions to contain Ms. Purucker's testimony and avoid prejudicing Ms. Whitlatch. Furthermore, the Court directs the parties to narrow the scope of questions related to Ms. Purucker's relationship with Ms. Whitlatch. These questions may not go further than asking Ms. Purucker whether the couple were domestic partners and the length of their relationship. Ms. Purucker may not testify as to whether Ms. Whitlatch stole marijuana from the evidence room and smoked it, whether Ms. Whitlatch had a temper, or any other non-race related allegations. Dkt. # 124, at p. 2. Accordingly, and with this strict qualification, the Court **DENIES** this motion.

B. Ms. Whitlatch wishes to preclude evidence of her Facebook post or related commentary.

Ms. Whitlatch's Facebook post and related commentary are both relevant and admissible. Fed. R. Evid. 401, 801. To be clear, the Court makes its ruling based solely on the Facebook post and related commentary that have already been submitted to the Court and exist in the record. The Court will not permit any new Facebook posts or commentary to be submitted into evidence; the Court does not allow parties to litigate by way of surprise. Ms. Whitlatch's public statements paint a picture of how she views the world. The jury may decide how much weight to place on such statements. The Court **DENIES** this motion.

C. Ms. Whitlatch wishes to preclude testimony by Brian Davis.

Based on the order above, the parties may admit Ms. Whitlatch's public Facebook posts that are relevant to the case.[3] Fed. R. Evid. 401, 801. Mr. Davis's testimony may be relevant to the Facebook posts and the subsequent investigation. Ms. Whitlatch may renew her objections during trial if Mr. Wingate attempts to extract testimony that is irrelevant or beyond the scope of Mr. Davis's personal observations. The Court **DENIES** this motion.

---

[3] Although not noted in the body of the order, the Court is confident that the parties understand the authentication requirements laid out in the Federal Rules of Evidence.

Order - 9

D. Ms. Whitlatch wishes to preclude admission of her text messages.

Ms. Whitlatch's personal communications are relevant and admissible in order to show any alleged racial bias under which she was operating. Fed. R. Evid. 401, 801. To be clear, the Court makes its ruling based solely on the text messages that have already been submitted to the Court and exist in the record. The Court will not permit any new text messages to be submitted into evidence; the Court does not allow parties to litigate by way of surprise. The Court **DENIES** this motion.

E. Ms. Whitlatch wishes to preclude admission of her email.

Similar to the Court's order above, Ms. Whitlatch's personal communications are admissible and relevant. Fed. R. Evid. 401, 801. To be clear, the Court makes its ruling based solely on the email messages that have already been submitted to the Court and exist in the record. The Court will not permit any new email messages to be submitted into evidence; the Court does not allow parties to litigate by way of surprise. The Court **DENIES** this motion.

F. Ms. Whitlatch wishes to preclude admission of "statistics" identified in Exhibit 7.

Ms. Whitlatch objects to Mr. Wingate's statistics because she is skeptical of their authenticity. Dkt. # 124, at p. 5. This appears to be curable. Mr. Wingate is instructed to ensure that he properly authenticates the document at trial. Accordingly, the Court **DENIES** this motion with the qualification that Mr. Wingate must authenticate the exhibit.

G. Ms. Whitlatch wishes to exclude evidence regarding any OPA investigation or her termination.

The Court addressed a portion of this motion in its Order on Ms. Whitlatch's motion for reconsideration. Dkt. # 164. Therefore, the Court **DENIES** this motion with regard to the OPA report and termination letter that the Court referenced in its Order on the motions for summary judgment. Dkt. # 127. The Court further **DENIES** this motion with regard to the related exhibits that Ms. Whitlatch listed in her motion,

Order - 10

specifically exhibits 12, 26, 30, and 67. Dkt. # 124, at pp. 5-6. The Court also **DENIES** this motion with regard to Sergeant Bair's testimony.

The Court agrees with Ms. Whitlatch that admitting irrelevant OPA investigations would muddy the evidence and could lead to juror confusion. Though Mr. Wingate may admit the OPA investigation related to his July 9, 2014 arrest, he may not admit the remaining OPA investigations. However, the Court recognizes the important place for statistics in this case. Therefore, the Court will permit Mr. Wingate to attempt to identify specific statistics from these reports. The Court requires Mr. Wingate to share any such statistical analyses with Ms. Whitlatch and her counsel no later than September 16, 2016. Furthermore, the Court requires Mr. Wingate to proffer these statistical analyses to the Court at the October 25, 2016 Pre-Trial Conference and explain to the Court why these statistics are admissible evidence at trial. The Court expects Mr. Wingate to prepare persuasive and accurate citations and authority for his claims if he wishes to admit such statistics into evidence. For the foregoing reasons, the Court **GRANTS in part and DENIES in part** this motion.

H. Ms. Whitlatch wishes to preclude other witnesses from testifying whether there was probable cause to arrest Mr. Wingate.

The Court addressed this issue above. *See, e.g., infra* Part IV. A., I. The parties appear to agree that evidence regarding the finding, or not, of probable cause is not necessary to extract during trial. The Court recommended that the parties submit an instruction to the jury regarding this issue. Accordingly, the Court **GRANTS in part and DENIES in part** this motion; neither Ms. Whitlatch nor any other witness will testify as to whether there was probable cause to arrest Mr. Wingate.

I. Ms. Whitlatch wishes to preclude testimony regarding Mr. Wingate's character.

Mr. Wingate agrees to refrain from offering testimony as to his character. Dkt. # 134, at p. 8. Mr. Wingate may testify about the facts of his daily life as they specifically pertain to the context of the case. However, Mr. Wingate may not circumvent his agreement to refrain from testifying about his character, and Ms.

Order - 11

Whitlatch may renew her objection if it appears Mr. Wingate is doing so at trial. To be clear, Mr. Wingate's testimony regarding the facts of his day on July 9, 2014 is relevant to this matter, but testimony that reaches into character evidence is prohibited. This motion is **GRANTED in part and DENIED in part**.

J. <u>Ms. Whitlatch wishes to preclude testimony regarding Mr. Wingate's golf club as an assistive device.</u>

Mr. Wingate's use of the golf club is clearly relevant at trial. Mr. Wingate may present his case as he wishes, but the Court will not permit duplicative testimony. The Court will reserve ruling on Mr. Wingate's multiple witnesses until trial because the Court is not currently aware if the witnesses' testimony will be duplicative. Ms. Whitlatch is free to renew this objection at trial if it appears that any witnesses are testifying as to matters beyond their personal knowledge, or if the testimony becomes actually duplicative. Mr. Wingate must be prepared at the October 25, 2016 Pre-Trial Conference to clarify exactly which witnesses he plans to call regarding this issue and proffer to the Court a summary of each witness's testimony. This will ensure the avoidance of cumulative testimony.

K. <u>Ms. Whitlatch wishes to preclude testimony regarding damages related to the criminal prosecution.</u>

The Court dismissed the false arrest and false imprisonment charges, and therefore Mr. Wingate is precluded from offering evidence as to damages resulting from these claims. *See* Dkt. ## 127, 130. However, Mr. Wingate is allowed to present evidence as to any damages resulting from his remaining claims. This motion is **GRANTED in part and DENIED in part**.

L. <u>Ms. Whitlatch wishes to preclude testimony from or about John Mason's charging decisions.</u>

The Court agrees that Mr. Wingate is precluded from calling the city prosecutor to discuss the thought process behind the charges. Furthermore, Mr. Wingate did not designate Mr. Mason as an expert witness, and lay witnesses are not permitted to

Order - 12

testify as to conclusions of law. *See, e.g.*, *Solis v. Dep't of Corr.*, No. 08-5362RJB, 2009 U.S. Dist. LEXIS 123683, *7 (W.D. Wash. 2009) ("Plaintiff's witnesses cannot present testimony about legal compliance, interpretation of the law or legal conclusions because those things require expert testimony and are ordinarily left to the judge."). Accordingly, the Court **GRANTS** this motion.

M. <u>Ms. Whitlatch wishes to preclude evidence of her own statements made during the OPA investigation.</u>

Ms. Whitlatch's own statements are admissible under Federal Rule of Evidence 801(d)(2). Moreover, the statements are relevant to the issue of racial bias. Fed. R. Evid. 401. This motion is **DENIED**.

N. <u>Ms. Whitlatch wishes to preclude testimony related to her request that the city prosecutor charge Mr. Wingate with a crime.</u>

Mr. Wingate clarified in his response to this motion that he only wishes to admit evidence with regard to "only what Ms. Whitlatch did and said in this regard." Dkt. # 134, at p. 11. With this in mind, relevant emails from Ms. Whitlatch that are already in the record are admissible in this case. This motion is **DENIED**.

O. <u>Ms. Whitlatch broadly asks the Court to exclude any evidence of the City of Seattle's actions after July 9, 2014.</u>

As an initial matter, the Court agrees that Mr. Wingate is precluded from calling any city prosecutors to testify as to the thought processes behind any charging decisions or any decision to dismiss the charges pursuant to the conditional disposition. The Court will not disturb the agreement that Mr. Wingate voluntarily entered into with the city prosecutors or permit any testimony offered for the purpose of disturbing that agreement.

The Court will allow testimony regarding the facts of how Mr. Wingate received his golf club after the arrest, and any testimony that is instructive to the jury with regard to whether Ms. Whitlatch acted, or not, in a way motivated by racial bias. This means that Mr. Wingate may call lay witnesses who have personal observations

Order - 13

and knowledge as to the facts of the matter, including any Seattle Police Department personnel who were involved in Mr. Wingate's arrest or the subsequent investigation of Ms. Whitlatch. The Court will not permit any speculation or hearsay testimony with regard to these facts.

The parties agree to exclude exhibits 19, 27, 32, 33, and 42. Dkt. # 134, at p. 12. The Court notes there is a discrepancy in the naming of exhibits between the motion, the response, and the pretrial order. In an abundance of caution, the Court will reserve ruling on the specific exhibits listed in the motion due to this potential labeling confusion. The Court will reiterate that any emails referencing the city attorneys' decisions that are not addressed to, or sent from, Ms. Whitlatch are inadmissible at trial. The Court encourages the parties to apply the Court's orders to the remaining exhibits. Of course, Ms. Whitlatch may renew her objections at trial if it appears Mr. Wingate is offering exhibits that are irrelevant, that contradict the Court's orders, or are offered for an improper purpose. Prior to trial, the Court encourages the parties to amend their exhibit list and provide the Court with an updated list wherein all exhibit labels agree.

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the motion.

P. Ms. Whitlatch wishes to preclude evidence regarding Mr. Wingate's treatment at the East Precinct or the King County Jail.

The Court agrees that the events subsequent to Mr. Wingate's arrest are relevant to his remaining claims. Mr. Wingate may testify as to the facts of what occurred on July 9 and 10, 2014. The Court **DENIES** this motion.

Q. Ms. Whitlatch wishes to preclude testimony regarding Mr. Wingate's damages.

Mr. Wingate may not elicit hearsay from his witnesses. He may call lay witnesses to testify about their personal observations and knowledge regarding the events of this case. Similarly, Mr. Wingate may not elicit duplicative testimony. The Court will reserve ruling on this motion until it is apparent that Mr. Wingate's

Order - 14

witnesses are truly offering duplicative testimony. Mr. Wingate is bound by the Federal Rules of Evidence and Ms. Whitlatch is free to renew these objections at trial.

Mr. Wingate must be prepared at the October 25, 2016 Pre-Trial Conference to clarify exactly which witnesses he plans to call regarding this issue and proffer to the Court a summary of each witness's testimony. This will ensure the avoidance of cumulative testimony.

R. <u>Ms. Whitlatch wishes to limit Dr. Fong's testimony.</u>

Mr. Wingate did not disclose Dr. Fong as an expert witness, and has not treated him as such within the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(2). "Generally speaking, treating physicians are excused from [Rule 26(a)(2)]. They are a species of percipient witness. They are not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing an expert report." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011). However, if a treating physician testifies beyond the scope of treatment, then the witness may be required to submit a report and abide by the provisions of Rule 26(a)(2). *Id*. Here, the deadline has passed to disclose expert witnesses and file related reports. Therefore, this motion is **GRANTED** to the extent that Dr. Fong may not testify beyond the scope of his treatment of Mr. Wingate.

S. <u>Ms. Whitlatch wishes to limit the testimony by Peter Holmes, Karen Murray, and Kevin Kilpatrick to purely rebuttal testimony.</u>

Ms. Whitlatch requests the Court preclude Mr. Holmes, Ms. Murray, and Mr. Kilpatrick from testifying in any capacity other than rebuttal witnesses. Dkt. # 124, at p. 16. Mr. Wingate does not contest this motion. Dkt. # 134, at p. 15. The Court agrees that Mr. Wingate may not elicit testimony from the city attorneys or the city prosecutors. Accordingly Court **GRANTS** this motion and reiterates that the parties may not call the city attorneys or city prosecutors as witnesses in this trial.

Order - 15

## VI. CITY DEFENDANTS' MOTIONS IN LIMINE

The City Defendants were dismissed from this matter. Dkt. ## 127, 130. However, Ms. Whitlatch joined the City Defendants' motions *in limine*. Dkt. # 124, pp. 14-15. Therefore, the Court will address the motions that Ms. Whitlatch joined.

A. <u>Ms. Whitlatch agrees with the City Defendants that they should be removed from the caption of this matter.</u>

The Court dismissed the City Defendants from the matter and therefore the City Defendants will be removed from the caption for all subsequent pleadings. The Court will not amend the Second Amended Complaint. This motion is **DENIED** to the extent that Ms. Whitlatch is asking the Court to amend the Second Amended Complaint. However, the Court orders that the parties refrain from adding the City Defendants to any future pleadings or filings.

B. <u>Ms. Whitlatch does not wish for the jury to be instructed on a respondeat superior claim.</u>

Seeing as the City Defendants are no longer parties to the litigation, the Court **GRANTS** this motion.

C. <u>Ms. Whitlatch wishes to preclude evidence or argument regarding indemnification.</u>

For the reasons stated above, and in the absence of opposition from Mr. Wingate, the Court **GRANTS** this motion.

D. <u>Ms. Whitlatch wishes to preclude evidence regarding media accounts or evidence of unrelated allegations of police misconduct.</u>

Media and news accounts will not be permitted as evidence in this matter, nor is Mr. Wingate permitted to submit evidence of allegations of police misconduct unrelated to Ms. Whitlatch or to this case. The Court **GRANTS** this motion.

//

//

Order - 16

E. <u>Ms. Whitlatch wishes to exclude evidence of the Consent Decree, Seattle Police Department policies and procedures, and Seattle Police Department training.</u>

The Court agrees with Ms. Whitlatch that the Consent Decree is excluded from this case. Fed. R. Evid. 401, 403. As for policies and training procedures, the Court finds that Mr. Wingate may only admit facts to show whether Ms. Whitlatch did or did not abide by Seattle Police Department policies or her training on July 9, 2014. Mr. Wingate is limited to admitting evidence that is relevant to his remaining claims and that implicates only Ms. Whitlatch, not the City Defendants. Therefore, the Court **GRANTS in part and DENIES in part** this motion.

VII.  **CONCLUSION**

For all the foregoing reasons, the Court **GRANTS in part and DENIES in part** the parties' motions *in limine*. Dkt. ## 122, 124, 126.

Dated this 29th day of August, 2016.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

Order - 17