The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM F. WINGATE,<br><br>                             Plaintiff,<br>v.<br><br>CYNTHIA A. WHITLATCH, in her official and individual capacities,<br><br>                            Defendant. | No. 2:15-cv-00822-RAJ<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>NOTE ON MOTION CALENDAR:<br>December 9, 2016 |

## I. RELIEF REQUESTED

Plaintiff William Wingate requests that the Court award reasonable attorney fees and costs in the amount of $767,095.67 plus expert fees for C. Steven Fury in the amount of $3,600.00.

## II. STATEMENT OF FACTS

The facts of this case are well known to this Court, and in the name of brevity need not be completely repeated here. In summary, Plaintiff William Wingate was stopped and arrested by Defendant Cynthia Whitlatch on July 9, 2014 because of his race. At trial, Mr. Wingate brought action against Ms. Whitlatch under 42 U.S.C. § 1983 based on violations his Fourteenth Amendment Equal Protection rights and under the Washington Law Against Discrimination, RCW 49.60.215. On November 8, 2016, the jury returned a verdict in favor of Mr. Wingate on both the federal and state causes of action. Dkt. 218. Before trial, this Court dismissed Mr. Wingate's Section 1983 Fourth Amendment cause of action and dismissed the City of Seattle as a Defendant.

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 1 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

During the course of the litigation, Plaintiff Wingate conducted and responded to discovery requests to and from Ms. Whitlatch and the City of Seattle. Even though the City of Seattle was dismissed from the case, discovery obtained from the City was both relevant and instrumental to Mr. Wingate's case. For example, of the 68 exhibits prepared by Mr. Wingate to be used at trial as trial exhibits, 65 of the exhibits were produced by the City of Seattle. *See* Declaration of Susan B. Mindenbergs ("Mindenbergs Decl.") ¶ 11. Mr. Wingate used only four pages of text messages at trial that had been produced by Ms. Whitlatch. *Id.* at ¶ 11.

Mr. Wingate's attorneys have excluded from their fee petition any and all work that was done exclusively in pursuit of the Fourth Amendment claim. *Id.* at ¶ 9. They have not excluded the time engaged in comprehensive, protracted, and challenging discovery with the City of Seattle since that discovery was closely related to Mr. Wingate's claims against Ms. Whitlatch. *See* Declaration of Vonda Sargent ("Sargent Decl."), ¶¶ 15-17, Ex. B.

The jury awarded damages for violations of Mr. Wingate's right to be free of race discrimination. The jury found for Ms. Whitlatch on the issue of punitive damages. The total value of the award is $325,000. Dkt. 225.

### III. STATEMENT OF ISSUES

Is Plaintiff Wingate the prevailing party? Is the prevailing party entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988 and RCW 49.60.030? What are reasonable attorney fees and costs in this case?

### IV. EVIDENCE RELIED UPON

Mr. Wingate relies on the Declarations of Susan Mindenbergs, Vonda Sargent, Carol Farr, Jason Proctor, Krysta Renton, Cheerful Catunao, and C. Steven Fury, the exhibits thereto, and the pleadings and papers on file in this case.

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 2 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

## V. AUTHORITY AND ARGUMENT

### A. Mr. Wingate is the prevailing party.

Mr. Wingate is entitled to recover attorney fees and costs under both federal and state statutes. Under the federal cause of action, Mr. Wingate seeks fees and costs pursuant to 42 U.S.C. § 1988, the remedy provisions for a Section 1983 claim. Section 1983 was "intended to 'create a species of tort liability' in favor of persons deprived of federally secured rights." *Smith v. Wade*, 461 U.S. 30, 34 (1983) (quoting *Carey v. Piphus*, 435 U.S. 247, 253 (1978)). In *City of Riverside*, the Court acknowledged that 42 U.S.C. § 1988 was enacted to encourage private attorneys general in civil rights lawsuits, and that Congress did not intend the recovery of fees to depend upon substantial monetary damages. This statute was enacted "specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible for them to do so." *City of Riverside v. Rivera*, 477 U.S. 561, 577 (1986) (citing legislative history). The inability to vindicate constitutional rights due to a lack of resources damages the entire nation and not just the individual citizen.

> *Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.* Rather, Congress made clear that it intended that the amount of fees awarded under [Section 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature. Senate Report at 6 (emphasis added).

*City of Riverside* at 575 (emphasis added). "Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards." *Id.* at 574. Here, Mr. Wingate's recovery was not unsubstantial and it had social relevance for the community. The award was hundreds of thousands of dollars for the emotional trauma he sustained at the hands of a racially biased police officer. It is anticipated that Ms. Whitlatch will oppose Mr. Wingate's petition for fees. But Ms. Whitlatch

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 3 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

continues to litigate this case tenaciously. "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Id.* at 581.

Under the Washington Law Against Discrimination (WLAD), the prevailing plaintiff is entitled to reasonable attorney fees and costs.

> Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 as amended, or the Federal Fair Housing Amendments Act of 1988 (42 U.S.C. Sec. 3601 et seq.).

RCW 49.60.030. This remedy provision is to be construed liberally in order to encourage private enforcement of the Washington Law Against Discrimination. *Blair v. Washington State University*, 108 Wn. 2d 558, 570, 740 P.2d 1379 (1987). In Washington, the prevailing party is the one who receives judgment in that party's favor. *Id.* at 571. In this case, there is no dispute that Plaintiff is the prevailing party. "A trial court may consider a variety of factors when determining a reasonable attorney fee award, including the level of skill required by litigation, the time limitations imposed, the amount of potential recovery, the attorney's reputation, and the undesirability of the case." *Id.* A court's decision denying, granting, or calculating an award of attorney fees is upheld absent an abuse of discretion. *Perry v. Costco Wholesale, Inc.*, 123 Wn. App. 783, 808, 98 P. 3d 1264 (2004).

**B. Calculation of the Lodestar.**

Once the entitlement to fees is established, the Court needs to determine the amount of fees to be awarded. Generally, in determining the amount to be awarded, the reasonable hours expended multiplied by a reasonable hourly rate is the most useful starting point. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[1] When determining the reasonableness of fees, the District Court must apply

---

[1] *See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible");

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 4 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

certain factors enumerated by the 5th Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors need not be discussed specifically. It's sufficient to show the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the award:

> Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client (12) awards in similar cases, and (13) the complexity and importance of the case in its posture on appeal.

*Kerr*, 526 F.2d at 70.

Here, the case was time consuming keeping counsel for Mr. Wingate from pursuing other matters. Mindenbergs Decl., ¶ 11. Although police misconduct is not terribly unusual, Fourteenth Amendment allegations are somewhat rare. Mr. Wingate's counsel are skilled lawyers. Ms. Mindenbergs has 25 years of plaintiffs' civil rights law experience and Ms. Sargent has more than 20 years of personal injury law experience. Mindenbergs Decl. at ¶ 3; Sargent Decl., ¶ 3. Discovery was difficult and time-consuming. Sargent Decl., ¶¶ 15-17, Ex. B. Mr. Wingate was an extremely cooperative client, but because of his lack of experience with the legal system and the emotional impact the events had on him, working with him was time consuming. Mindenbergs Decl. at ¶ 12.

The basis of the fee arrangement with Mr. Wingate was contingent in nature. *Id. at* ¶ 13. The outcome of the case was extraordinary. Defendants made a Fed.R.Civ.P. 68 offer of judgment for $100,001.00, exclusive of fees in February 2016. Mindenbergs Decl., ¶ 20, Ex. B. The jury

---

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)("it remains important for the district court to provide 'a concise but clear explanation of its reasons for the fee award'").

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 5 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

award to Mr. Wingate exceeded the offer of judgment by $224,999.00.

Jury awards for emotional distress are generally tied to economic damages. See *Zhang v. American Gem Seafoods, Inc.*, 3339 F.3d 1020, 1040 (9th Cir. 2003) (employment discrimination case where Court held emotional distress damages exceeding $200,000 not excessive where plaintiff awarded more than $2 million in economic damages). In police cases, compensatory damages are generally associated with significant injuries. See *Tortu v. Las Vegas*, 556 F.3d 1075, 1079 (9th Cir 2009). In *Tortu*, a police misconduct case, the jury awarded $175,000 in compensatory damages associated with injuries that led the plaintiff to lose his employment. *Id.*, at 1086. Lastly, Mr. Wingate's case is significant. In a society where African Americans are subjected to disparate and often lethal police misconduct, the facts of Mr. Wingate's case are important and poignant, particularly in light of Ms. Whitlatch's testimony that she could have used lethal force against him. The litigation of Mr. Wingate's case merits a full lodestar pursuant to the criteria set forth in *Kerr*.

"Washington follows the lodestar method of determining reasonable attorney fees. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597-99, 675 P.2d 193 (1983). The lodestar approach involves two steps. First, the trial court multiplies "a reasonable hourly rate by the number of hours reasonably expended on the matter." *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149-50, 859 P.2d 1210 (1993); *Bowers*, 100 Wn.2d at 597, 675 P.2d 193. The lodestar method is grounded in the market value of the lawyer's services, and is determined by multiplying the hours expended in the litigation by each attorney's reasonable hourly rate of compensation. *Pham v. City of Seattle*, 124 Wn. App. 716, 721, 103 P.3d 827 (2004), *affirmed on other grounds* 159 Wn. 2d 527 (2007.

Second, the trial court adjusts the award "either upward or downward to reflect factors not already taken into consideration." *Ross v. State Farm Mut. Auto. Ins. Co.*, 82 Wn.App. 787, 800, 919 P.2d 1268 (1996), reversed on other grounds, 132 Wn.2d 507, 940 P.2d 252 (1997); *Bowers*,

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 6 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

100 Wn.2d at 598-99, 675 P.2d 193. Although an adjustment to the lodestar amount is within the trial court's discretion, there is a presumption that the lodestar amount represents a reasonable fee. *Xieng v. Peoples Nat'l Bank*, 63 Wn. App. 572, 587, 821 P.2d 520 (1991).

### C. Paralegal Services Recoverable at Market Rates.

A prevailing Plaintiff may recover for the market rate paid to paralegals. *Missouri et al. v. Jenkins*, 491 U.S. 274, 289, 109 S. Ct. 2463 (1989)("By encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours 'encourages cost-effective delivery of legal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes'"); *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1387 (9th Cir. 1990) ("The Supreme Court has recently stated that a reasonable attorney's fee includes the work of attorneys and support staff, such as paralegals 'whose labor contributes to the work product'"). In this case, the utilization of paralegal services significantly diminished the amount of attorney time otherwise billable. Mindenbergs Decl., ¶ 16.

### D. Current Hourly Rates.

The hourly rates to be applied are generally those rates in the legal community where the claim is tried. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.), *cert. denied*, 502 U.S. 899 (1991). The Court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

In this case, Ms. Mindenbergs' actual hourly rate is $400 per hour. Mindenbergs Decl. at ¶ 10. Ms. Sargent's actual hourly rate is $350 per hour. Sargent Decl., ¶ 18. Ms. Farr's actual

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 7 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

hourly rate is $275.   Declaration of Carol Farr ("Farr Decl.") ¶ 10.   Plaintiff's counsel bills for paralegal services at the rate of $100, $125, and $150 per hour. Mindenbergs Decl. at ¶¶ 14-15; Sargent Decl. at ¶ 21.  These rates are reasonable.  *See Johnson v. State, Dept. Of Transp.*, 177 Wn. App. 684, 689, 313 P. 3d 1197 (2013) (paralegal rate awarded at $125 per hour).  The declaration of C. Steven Fury has been presented to substantiate that these rates are reasonable for comparable services in the community based upon Plaintiff's counsels' skill and reputation in the community. Declaration of C. Steven Fury ("Fury Decl.") ¶¶ 9, 13-15.

### E. Number of Hours Expended.

Ms. Mindenbergs has logged 714.97 hours to litigate Plaintiffs' claim, but has excluded 13.4 hours related exclusively to prosecuting the Fourth Amendment claim.  Mindenbergs Decl., ¶ 9, Ex. A.   Ms. Mindenbergs' paralegal Irene Calvo has logged 246.96 hours. *Id.*  In August 2016, Ms. Calvo was replaced by Jason Proctor. *Id. at* ¶ 15. Mr. Proctor logged 138 hours. Mindenbergs Decl., ¶ 15, Ex. A; Declaration of Jason Proctor ("Proctor Decl.") ¶ 7. Four hours that were largely administrative work were not charged for work done by Ms. Calvo. Mindenbergs Decl., ¶ 14, Ex. A. 19.9 hours that were not strictly paralegal duties were not charged for the time spent by Mr. Proctor. *Id.;* Proctor Decl. at ¶ 7. Ms. Sargent logged 773.6 hours. Ms. Sargent's paralegal, Krysta Renton logged 328.5 hour, but reduced the hours for which she is seeking compensation to 305.6 hours. Sargent Decl., ¶ 21; Declaration of Krysta Renton ("Renton Decl.") ¶ 8, Ex. A. In addition, Inger-Lisa Bakken, an intern, was newly licensed to practice law. Mindenbergs Decl. at ¶ 17. She logged 3.17 hours at $200 per hour. Mindenbergs Decl., ¶ 17, Ex. A.

The hours logged by Ms. Calvo, Mr. Proctor, and Ms. Renton and Ms. Inger-Lisa Bakken significantly diminished the number of hours that Plaintiff's counsel, at a much higher hourly rate, would have been required to spend on the litigation and trial of this case. Carol Farr and Cheerful Catunao work in Ms. Sargent's office.  Both worked on Mr. Wingate's case and have submitted

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 8 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

declarations about the time they spent working on Mr. Wingate's case. Farr Dec., ¶ 10; Catunao Decl., ¶¶ 13-14, Sargent Decl., ¶¶ 20, 22. The number of hours spent by Plaintiff's lawyers and staff is reasonable. Fury Decl., ¶¶ 9, 13-5.

Many hours spent by lawyers and staff reviewing files, editing draft pleadings, telephone calls, and email communications have not been recorded. Mindenbergs Decl. at ¶ 8.

**F. Successful and Unsuccessful Claims - Common Core of Facts.**

Plaintiffs bring lawsuits alleging numerous causes of action in many civil rights cases. It is clear that where there exists a common core of facts based upon related legal theories, plaintiff may recover a complete lodestar even if he did not prevail on every contention raised. *Schwarz v. Sec. of Health and Human Services*, 73 F.3d 895, 901 (9th Cir. 1995). Even a determination that claims are not related does not foreclose the recovery of fees for those claims.

> To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims.

*Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005). *See also Lovell By and Through Lovell v. Poway Unified School Dist.*, 79 F.3d 1510, 1519 (9th Cir. 1996)("If, however, the claims are related, then "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised"). Claims are related if they arose out of the same course or conduct.

> We concluded that "the test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Thorne*, 802 F.2d at 1141 (quoting *Mary Beth G.*, 723 F.2d at 1279). Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same "course of conduct." If they didn't, they are unrelated under *Hensley*.

*Schwarz*, 73 F.3d at 903. In *Schwarz* the court recognized that attorney fees could be recoverable

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 9 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

for even unrelated claims if "it is likely that some of the work performed in connection with the [unsuccessful claim] also aided the work done on the merits of the [successful claim]." *Id. See also Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir.1995)(applying *Thorne* to affirm district court's finding that state tort claims were related to Title VII claim because they arose out of common core of facts that required virtually the same evidence); *Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1122 (9th Cir. 2006)("However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims"); *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir.1991)("we read *Hensley* as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims."); *O'Neal v. City of Seattle,* 66 F.3d 1064, 1068-69 (9th Cir.1995) (applying *Thorne* and upholding district court's conclusion that pursuing unsuccessful motion was not a separate claim, but a part of an ultimately successful claim).

In this case, Mr. Wingate did not recover on the federal claim of violation of his Fourth Amendment rights brought under Section 1983. But that claim overlaps entirely and contains a common core of facts with the federal and state race discrimination claims. Here, any failure to succeed on related claims does not justify a reduction of the lodestar.

**G. Proportionality - Degree of Success.**

The lodestar amount is not reduced simply because the prevailing party did not receive all of the relief requested. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (court erred when reduced fee award because of limited success); *Bright v. Frank Russell Investments,* 191 Wn. App. 73, 361 P. 3d 245, 251 (2015) (Plaintiff sought more than $1 million and obtained less than one-

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 10 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

half of that—held plaintiff was entitled to full lodestar). Mr. Wingate sought $750,000 at trial, but made it clear that his demand was the jury's province. Moreover, the $325,000 for emotional distress is a very successful outcome.

### H. Costs and Expenses of Litigation.

Both 42 U.S.C. § 1988 and the WLAD authorize the recovery of virtually all costs of litigation, including depositions, photo copying, travel, long distance telephone calls, paralegal expenses, and supplies. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986), (out-of-pocket expenses incurred by an attorney which would normally be charged to a fee-paying client are recoverable as attorney's fees under section 1988). *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir.1984), cert. denied, 472 U.S. 1021 (1985); *Blair, supra* at 574. Here, the costs necessary to litigate this case total $36,988.67. Mindenbergs Decl., ¶ 18; Sargent Decl., ¶ 19.

### I. Fees for Preparing Fee Petition.

"Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ("merits fees") as well as fees incurred while pursuing merits fees 'fees-on-fees')." *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995); *McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995) ("Work performed on a motion for fees under Sec. 1988(b) is compensable"); *Steele v. Lundgrun*, 96 Wn.App. 773, 781, 982 P.2d 619 (1999) ($4,400 awarded for fees preparing the fee petition). Mr. Wingate seeks attorney fees to prepare this fee motion. As of November 15, 2016, Ms. Mindenbergs expended 4.1 hours preparing this motion. The remaining fee request will be made in reply to Defendant's response to this motion.

### J. Summary of Fees and Expenses.

A detailed explanation of attorney fees and costs is provided in the declarations of Susan Mindenbergs and Vonda Sargent. A summary of requested fees and costs follows:

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 11 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

| | |
|---|---:|
| Attorney Fees for Susan Mindenbergs | $280,788.00 |
| Paralegal Fees for Jason Proctor | $17,715.00 |
| Paralegal Fees for Irene Calvo | $30,370.00 |
| Attorney Fees for Inger-Lisa Bakken | $634.00 |
| Attorney Fees for Vonda Sargent | $270,760.00 |
| Paralegal Fees for Krysta Renton | $30,560.00 |
| Intern Fees for Cheerful Catunao | $11,168.75 |
| Attorney Fees for Carol Farr | $88,111.25 |
| **Total Attorney and Paralegal Fees** | **$730,107.00** |
| Costs incurred by Susan Mindenbergs | $13,707.98 |
| Costs incurred by Vonda Sargent | $23,280.69 |
| **Total Costs** | **$36,988.67** |
| **Total Attorneys' Fees and Costs** | **$767,095.67** |
| Expert Fees for C. Steven Fury | $3,600.00 |

## VI. CONCLUSION

The attorney fees and expenses as requested are reasonable and necessary to litigate the case. A proposed order is attached. An amended proposed order will be filed to account for remaining fees to draft this petition and to reply to Defendant Whitlatch's response.

Dated this 22nd day of November, 2016.

| | |
|---|---|
| LAW OFFICE OF<br>SUSAN B. MINDENBERGS | THE LAW OFFICES OF<br>VONDA M. SARGENT |
| *s/ Susan B. Mindenbergs*<br>Susan B. Mindenbergs<br>WSBA No. 20545<br>Attorney for William F. Wingate | *s/ Vonda M. Sargent*<br>Vonda M. Sargent<br>WSBA No. 24552<br>Attorney for William F. Wingate |

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 12 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560

# CERTIFICATE OF SERVICE

I, Jason Proctor, certify and declare that I am now and at all times herein mentioned was a citizen of the United States and resident of the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and am competent to testify as a witness. I am a Paralegal employed with the Law Office of Susan B. Mindenbergs. On November 22, 2016 I served the within document(s):

- Plaintiff's Motion for Attorneys' Fees & Costs

| *Attorneys for Defendant Cynthia Whitlatch* <br> Robert L. Christie <br> Ann Trivett <br> Christie Law Group, PLLC <br> 2100 Westlake Ave. N, #206 <br> Seattle, WA 98109 <br> Telephone: (206) 957-9669 <br> Fax: (206) 352-7875 <br> E-mail: bob@christielawgroup.com <br> E-mail: ann@christielawgroup.com | ☐ Via Legal Messenger <br> ☐ Via Facsimile <br> ☐ Via Electronic Mail <br> ☐ Via U.S. Mail <br> ☑ Via Electronic Filing/Eservice |
|---|---|

The foregoing statement is made under the penalty of perjury under the laws of the United States of America and the State of Washington and is true and correct.

DATED this 22nd day of November, 2016.

By: /s/ Jason Proctor
Jason Proctor, Paralegal
Law Office of Susan B. Mindenbergs
119 First Avenue South, Suite 200
Seattle, WA 98104
Telephone: (206) 447-1560
Fax: (206) 447-1523
Email: proctor.jason12@gmail.com

PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Case No. 2:15-cv-00822-RAJ
Page 13 of 13

SUSAN MINDENBERGS
ATTORNEY AT LAW
119 FIRST AVENUE SOUTH, SUITE 200
Seattle, WA 98104
206-447-1560